UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT HULVEY #257790, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-237 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| DANIEL QUIGLEY, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |

**I. Facts**

Plaintiff Robert Hulvey #257790, an inmate currently confined at Oaks Correctional Facility (ECF) in Manistee, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). The sole remaining defendant is Ojibway Correctional Facility Assistant Deputy Warden James A. Young.

Plaintiff is presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. In his *pro se* complaint, Plaintiff alleges that, while he was housed at the Ojibway Correctional Facility, he sent a "kite" to Officers Curley, Quigley, and Majurin, stating that he had heard that he was going to be stabbed and wanted protection. Plaintiff states that he did not receive a response to this request, and was attacked on June 25, 2008. A housing unit officer interviewed Plaintiff and refused to provide him with protection status since Plaintiff could not name his attackers. Plaintiff states that he was given gauze and medical tape for his wounds and sent back to his cell. Plaintiff eventually received medical treatment, including stitches. Plaintiff was placed in temporary segregation pursuant to a Notice of Intent to Classify to Segregation, written on June 26, 2008. The

Notice was heard on June 30, 2008, by Warden Quigley and Defendant Young. Because Plaintiff was unable to provide information about his attackers, other than the time and place of the attack, he was not transferred to protective segregation. Plaintiff was interviewed by Warden Quigley, Officer Majurin and Defendant Young on July 1, 2008, and July 11, 2008. At that time, Plaintiff was able to give the name of one attacker and the cell number of another attacker. Plaintiff states that on July 11, 2008, Officer Quigley and Defendant Young informed Plaintiff that they had interviewed the alleged attackers, who denied the incident, and therefore Defendants could not provide Plaintiff with protection status. Plaintiff refused to return to the general population after a direct order to do so, and received a major misconduct ticket as a result. Plaintiff claims that he was not informed of the hearing, so was unable to attend. Plaintiff was subsequently found guilty of the misconduct.

Plaintiff claims that Officer Quigley and Defendant Young raised his security level to II, with the intent of having him transferred to Newberry, a Level II facility. Plaintiff asserts that this transfer would not protect him, since Newberry and Ojibway often transfer prisoners. Plaintiff was transferred to Newberry on July 17, 2008. Plaintiff claims that Defendant Young transferred him in order to retaliate against Plaintiff for asserting his constitutional right to be housed in a safe environment.

Plaintiff claims that Defendant Young's actions violated his Eighth Amendment right to protection from potential harm. Plaintiff is suing Defendant in his individual and official capacities and is seeking compensatory and punitive damages.

## II. Analysis

### A. Standard of Review

Presently before the Court is Defendant Young's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #78), as well as Plaintiff's Motions for Summary Judgment

2

(docket #85). Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

**B. Eighth Amendment**

Defendant Young did not violate Plaintiff's Eighth Amendment rights. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also

3

"take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir.1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir.1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir.1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.")

Defendant Young's actions, in conjunction with Deputy Warden Quigley on behalf of the Security Classification Committee, were reasonable under the circumstances where there was no evidence to support Plaintiff's claims that he was assaulted or threatened with further assault. After becoming aware of Plaintiff's alleged threat, Defendant Young interviewed Plaintiff on June 30, 2008 to determine whether to approve an Involuntary Protection Request. Defendant Young reviewed the evidence and found nothing to support Plaintiff's allegations. Furthermore, during the interview Defendant determined Plaintiff's story was not credible, so they placed him back in General Population. [Def. Ex. A; see also, Def. Ex. B.].

Defendant Young and Deputy Warden Quigley saw Plaintiff again on July 11, 2008, as members of the Security Classification Committee (SCC). Again, Plaintiff was told that further investigation had not provided any evidence and that Plaintiff would be placed back in General Population. [Def. Ex. A, Def. Ex. B.]. Furthermore, the SCC determined that Plaintiff's request for protection was a manipulative means for obtaining a transfer. [Def. Ex. A.]. Based on the evidence that Defendant Young investigated, interviewed and followed up on Plaintiff's allegations that he was in danger, the court concludes that Defendant Young did not violate Plaintiff's Eighth Amendment rights.

**C. Retaliation**

Plaintiff also claims that Defendant Young retaliated against him by raising Plaintiff's security level to Level II. However, Defendant Young was not personally involved in Plaintiff's increased classification level. Rather, the change in Plaintiff's classification was done at the behest of Deputy Warden Quigley. [Def. Ex. B] A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d

5

1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

In addition, Plaintiff must show that Defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990). As noted above, Defendant Young did not cause Plaintiff's security level increase; it was done at Deputy Warden Quigley's recommendation. [Def. Ex. B.].

Furthermore, Plaintiff's claim of retaliatory motive is entirely conclusory. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833

F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendant retaliated against him because he requested protection. Accordingly, his speculative allegation fails to state a claim.

### D. Qualified Immunity

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendants are entitled to qualified immunity.

### III. Conclusion

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, the court will grant Defendant's Motion for Summary Judgment (docket #78). In addition, the court will deny Plaintiff's Motion for Summary Judgment (docket #85) as moot.

A Judgment consistent with this Opinion will be entered.

Dated: 8/2/2010  /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE